MATILDA VICE v. D. M. VICE ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—390.]

**Descent of Infant's Real Estate.**

Real estate owned by an infant dying without issue descends to the parent from whom such estate is derived, either by descent, demise or gift; and in case such parent be dead the infant's real estate will descend to his or her kindred, provided the kindred are not more remote than grandparents, uncles or aunts.

**Descent from Infant to Half-Blood.**

Where the owner of real estate dies intestate leaving children by a former marriage and a wife and one child by his last marriage, and the last named child dies in infancy, not leaving issue, the real estate of said child will descend to its father's children by his first wife to the exclusion of its mother.

APPEAL FROM BATH CIRCUIT COURT.

November 8, 1881.

OPINION BY JUDGE HARGIS:

William Vice died, leaving a widow and a child by her named Llewellen, and six other children by a former wife. He was the owner of 119 acres of land that descended to his heirs. After the division of the land between the widow and heirs, Llewellen died at the age of four years, and the widow asserted claim to a double portion in Llewellen's share of the real estate which descended to her from her father. The half-brothers and sisters resisted her claim to any part of the land, and the court having decided adversely to her, the widow appeals from the judgment seeking its reversal.

Gen. Stat. (1879), Ch. 31, § 9, provides: "If an infant dies without issue, having title to real estate derived by gift, devise, or descent from one of his parents, the whole shall descend to that par-

ent and his or her kindred, as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles, and aunts of the intestate, and their descendants."

This section confines the descent of real estate owned by an infant, who dies without issue, to the parent from whom such estate is derived, either by descent, devise or gift. In case such parent be dead the estate will descend to his or her kindred, provided the kindred who demand the exclusion are not more remote than grandparents, uncles or aunts.

In the case of *Driskell v. Hanks*, 18 B. Mon. (Ky.) 855, it was held that the real estate of an infant who had died without issue, which was devised to him by his father, passed to his uncles and aunts, and that his mother was excluded from participation in it by Rev. Stat. (1867), Ch. 30, § 9, which is identically the same as the section quoted. See *Talbott's Heirs v. Talbott's Heirs,* 17 B. Mon. (Ky.) 1.

These authorities settle this question and sustain the judgment. The case of *Milner v. Calvert,* 1 Met. (Ky.) 472, relied on by appellant's counsel, is not applicable to the case before us. That case was in regard to a deceased infant's personal estate, which Gen. Stat. (1879), Ch. 31, § 11, provides shall be distributed as if he had died after full age.

Judgment *affirmed.*

*Reid & Young, for appellant.*

*R. Gudgell & Son, for appellees.*

